IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GILBERTO REZA, § | | |
| TDCJ-CID No. 834841, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. B-04-081 |
| § | | |
| DOUG DRETKE, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

**RESPONDENT DRETKE'S MOTION FOR SUMMARY JUDGEMENT**

Petitioner, Gilberto Reza ("Reza"), brings a challenge to a denial by the Texas Board of Pardons and Paroles ("the Board") of mandatory supervision release for him through a petition for writ of habeas corpus, under 28 U.S.C. § 2254. This matter is properly before this court because the court has jurisdiction of the subject matter and the parties under 28 U.S.C. § 2241(d); jurisdiction is also proper since Reza's holding convictions occurred in Cameron County, Texas. *See Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000) (holding that federal jurisdiction in a habeas proceeding is proper in the county of conviction or confinement). Reza, however, has failed to demonstrate that he is entitled to relief since his claim is unexhausted under 28 U.S.C. § 2254(b) and time-barred under 28 U.S.C. § 2244(d). The Respondent, Doug Dretke, Director ("the Director") of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), files this Motion for Summary Judgment with Brief in Support.

**STATEMENT OF THE CASE**

The Director has lawful custody of Reza pursuant to two convictions and sentences he received in Cameron County, Texas, in the 103rd District Court. Reza was found guilty of two counts of Driving While Intoxicated on June 12, 1998, upon pleas of guilty, was convicted and sentenced to two terms of ten years in prison. *Ex parte Reza*, Application No. 49,768-01, at 51.

Since Reza challenges the Board's denial of his release to mandatory supervision, and not his convictions, a procedural history of any appellate proceedings is not necessary to the disposition of this matter. On September 10, 2002, Reza filed a[n amended] federal writ of habeas corpus. *Reza v. Texas Board of Pardons & Paroles*, No. B-02-129 (S.D.Tex. Feb. 5, 2003). It was dismissed without prejudice on February 5, 2003, for failure to exhaust state court remedies. *Id.* Reza filed a state writ challenging the denial of his mandatory supervision release on April 1, 2003.[1] *Ex parte Reza*, Application No. 49,768-02, at Memorandum. It was dismissed for non-compliance on April 10, 2003. *Id.*, at cover. On May 28, 2003, Reza refiled his state writ challenging the Board's denial of his release to mandatory supervision, and it was denied without written order on August 27, 2003. *Ex parte Reza*, Appication No. 49,768-03, at 1, cover. On April 23, 2004, Reza filed the instant petition.

## REZA'S ALLEGATIONS

The Director understands Reza to allege that he received information from an official of the State Classification Committee, Charley Valdez, which stated that TDCJ-CID was applying the "old mandatory supervision law" to his current sentence; however, the Board again denied him MS, on March 3, 2002, contrary to the official's information. Fed. Writ Pet., at 7.

## EXHAUSTION OF STATE COURT REMEDIES

The Director asserts that Reza's claim is unexhausted. After a dismissal without prejudice for failure to exhaust state court remedies, by this Court, on February 5, 2003, Reza filed two state writs. The first state writ complaining of his denial of mandatory supervision release was dismissed for non-compliance on April 16, 2003. *Ex parte Reza*, No. 49,768-02, at Memorandum. The second

---

[1] The text of Reza's second state writ, *Ex parte Reza*, Application No. 49,768-02, was not available from the Texas Court of Criminal Appeals so the date of filing is the date the Court received it.

Reza's first state writ also challenged the application by the Board of the mandatory supervision law. *Ex parte Reza*, Application No. 49, 768-01, at 6, 12-14. However, it was filed on March 22, 2001, and denied without written order on July 25, 2001. *Id.*, at 1, cover. Since it preceded the event of which Reza complains in the instant petition, it is of no import in this matter.

such state writ was filed on May 28, 2003, and was denied without written order on August 27, 2003. *Ex parte Reza*, No. 49,768-03, at 1, cover. Reza did not raise his instant allegation in the writ which was reviewed by the Court of Criminal Appeals, No. 49,768-03, at 6-7. The Director draws the distinction thusly: in his state writ, Reza alleged that the Board violated his liberty interest because, "[e]ven though limitations could be placed [on a prisoner's] release[,] statute did not apply [to] offenders, and decision of Board on whether to deny release was exempted." Reza seems to say here that the Board was mis-applying HB 1433 (the "new law"), which made MS release discretionary, and it did not apply to him. In his federal petition, Reza claims he was told that the Board was applying the "old mandatory supervision law" to his case, in effect until September 1, 1996,[2] but it still denied him mandatory supervision release under the DMS provision of the new law. In fewer words, in his state writ, Reza claims the Board applied the wrong law (the "new" law), but in the federal writ, the claim is that the Board was applying the right law (the "old" law) wrongly. The "old mandatory supervision law" contained no provision for the Board to exercise discretion in its decision to release an inmate to MS; in effect, the new law removed the 'mandatory' aspect of MS release when certain conditions are met by the inmate. In essence, all decisions to release inmates to mandatory supervision are now at the discretion of the Board.

The proper standard of review for a federal petition for habeas corpus is 28 U.S.C. § 2254, and, in this case, the applicable subsection is (b). Under § 2254(b), Reza has failed to exhaust his state court remedies because he did not present his claim in any of his state writs. Furthermore, his claim is procedurally defaulted.

Should Reza file another state writ application including his unexhausted claims, it would be denied for abuse of the writ since he was required to include all grounds for relief in his first petition. *Nobles v. Johnson,* 127 F.3d 409, 423 (5th Cir. 1997). It is settled that citation for abuse of the writ by the Court of Criminal Appeals constitutes a procedural default that bars federal habeas

---

[2] When the State Legislature made effective the discretionary mandatory supervision provision, was added to the TEX. C. CRIM. PROC. art. 42.18 § 8(c), and is now found in TEX. GOV'T CODE § 508.149(b).

review of the merits of a habeas petitioner's claims. *Nobles v. Johnson,* 127 F.3d 409 (5th Cir. 1997); *Fearance v. Scott*, 56 F.3d 633 (5th Cir. 1995). Following the Texas Court of Criminal Appeals' decision in *Ex parte Barber,* 879 S.W.2d 889, 892 n. 1 (Tex. Crim. App. 1994), the Texas courts' abuse-of-the-writ doctrine is an adequate and independent state ground. *Nobles,* 127 F.3d at 423*; Fearance,* 56 F.3d at 642. Thus, where a state prisoner has been cited for abuse of the writ following *Barber,* federal habeas corpus review of his claims is barred.

Moreover, where the petitioner never has presented his claim to the state courts, it is procedurally barred in federal court "if it is clear that his claims are now procedurally barred under [state] law." *Castille v. Peoples,* 489 U.S. 346, 351 (1989); *Nichols v. Scott,* 69 F.3d 1255, 1280 & n. 48 (5th Cir. 1995). Thus, where it is clear that a petitioner's unexhausted federal claims would be dismissed for abuse of the writ if presented in a subsequent state writ application, they are procedurally barred in federal court. *Fuller v. Johnson,* 158 F.3d 903, 905 (5th Cir. 1998). Reza failed to raise his instant claim that the Board is applying the law erroneously in his state writ, therefore, his claim is unexhausted and procedurally barred from federal court.

## STATE COURT RECORDS

The Director is forwarding to the court copies of Reza's state writs.

## MOTION FOR SUMMARY JUDGMENT
## WITH BRIEF IN SUPPORT

Under the proper standard of review, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Reza must have filed his petition within prescribed time limits.

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such

>   State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (West 2003).  Reza failed to submit his petition to this Court in a timely manner.

In this case, the one-year period of limitations began to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  The factual predicate for Reza's claims occurred on February 20, 2002, the date the Board voted to deny him mandatory supervision.  *See* Exhibit A, "Board Minutes Sheet"[3]; *see also*, Fed. Writ Pet., at 7 (". . . but on March 3, 2002, the Board of

---

[3] Exhibit A is a copy of the minutes of the Parole Board's decisions on Reza's MS release, which are contained in Reza's parole file.  In the column titled "Board Action", the letters "DMS" indicate the Board voted to deny him release, under the discretionary mandatory supervision provision of TEX. GOV'T CODE § 508.149(b):

>   (b) An inmate may not be released to mandatory supervision if a parole panel determines that:
>
>   (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and
>
>   (2) the inmate's release would endanger the public.

In the next column, "Reason and/or Instructions", the "9D1" and "9D2" show compliance with § 508.149(b), and "5D" represents the additional reason for the Board's 2/20/02 denial of MS for Reza ("The record indicates unsuccessful periods of supervision on previous probation, parole, or mandatory supervision that resulted in incarceration, including parole-in-absentia.").  The reasons represented by these codes are set out in Board of Pardons and Paroles Directive 01.02-01, which is attached as Exhibit B, "BPP-DIR.01.02-01."

Pardons and Paroles again denied the Petitioner's mandatory supervision, contrary to the information that was received from the Classification committee Admin. Assistant.")[4] The running of the one-year limitations period expired, then, on February 20, 2003, unless Reza is entitled to have the statute of limitations tolled.

The record does not reflect that any unconstitutional "State action" impeded Reza from filing for federal habeas corpus relief prior to the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B) (2001). Reza's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C) (2001). Accordingly, Section 2244(d)(1)(D) provides that the one-year limitation period shall run from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Reza's time limitation for filing this petition expired prior to the filing of the first state writ to address his DMS claim and, most certainly, expired prior to the filing of the second such writ.

Under the AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not count toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Reza's state writ application No. 49,768-02 was dismissed for non-compliance on April 16, 2003. Thus, the time it was pending, 15 days, does not toll the statute of limitations. *Villegas v. Johnson*, 184 F.3d 467, 469-70 (5th Cir. 1999) ("a 'properly filed application' for § 2244(d)(2) purposes is one that conforms with a state's applicable procedural filing requirements."). The last state writ Reza filed, on May 28, 2003, was pending for a total of 91 days before it was denied on August 27, 2003. *Ex parte Reza*, No. 49,768-03, at 1, cover. Reza filed his federal petition on April 23, 2004, which is 428 days beyond the expiration of the statute of limitations date of February 20, 2003. Even if the time the last state writ was pending

---

[4] Although Reza uses the date of March 3, 2002, which may have been the date he received the Board's decision, the factual predicate date is the date of the actual vote, February 20, 2002. Ex. A. However, even using Reza's date of March 3rd, the 11-day interval between it and the date of the vote does not impact the untimely nature of his second federal petition.

could have tolled the statute of limitations by its 91 days, Reza's federal petition was filed 337 days, or over ten months, too late.

In the Report and Recommendation of Reza's first federal writ, adopted by the Court on February 5, 2003, in its order of dismissal of the petition, the Magistrate Judge recommended, "[t]he amount of time Reza has spent in federal court on cause number B-02-129 should be tolled, and Petitioner should be given the opportunity to return to federal court, if done in a timely manner, if his state writ is unsuccessful." *Reza v. Cockrell*, No. B-02-129 (S.D.Tex. Feb. 5, 2003)[5]. The Director objected to this recommendation on the basis that a previous federal writ does not toll the statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2110) ("we are convinced that § 42244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition."); *Grooms v. Johnson*, 208 F.3d 488 (5th Cir. 1999) (a previous federal writ dismissed for failure to exhaust state remedies doe not toll the statute of limitations). The Director re-asserts the same position on whether Reza's prior federal writ can toll the statute of limitations: Reza is not entitled to a tolling of the statute of limitations for the pendency of his first federal petition. Further, Reza waited eight months after his last state writ was denied before he filed this petition, demonstrating a lack of diligence in returning to federal court in a timely manner.

In order to demonstrate that he is entitled to equitable tolling, Reza must show that he was actively misled by the state or otherwise was "prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (2000). Clearly, the state did not mislead Reza with regard to the requirement that he first exhaust state court remedies before filing a federal petition, and Reza could have exhausted his state court remedies had he filed a state writ seeking relief for his claims. Further, the Fifth Circuit has held that equitable tolling is available only in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir.) (2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Reza, however, has made no

---

[5] Director Janie Cockrell was substituted for the original named respondent, the Texas Board of Pardons and Paroles, under Rule 2(a) of the RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

showing that his circumstances are rare, exceptional, or otherwise different than that of any other inmate. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (unfamiliarity with the law, "due to illiteracy or any other reason" does not merit equitable tolling) (citing *Barrow v. New Orleans S.S. Ass'n.*, 932 F.2d 473, 478 (5th Cir. 1991)); *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (neither an inmate's illiteracy, deafness, or lack of legal training amounted to cause because they were not objective factors external to the inmate to excuse an abuse-of-the-writ); *Barrow*, 932 F.2d at 478 (ignorance of the law does not excuse the failure to comply with a statute of limitations); *Felder*, 204 F.3d at 172-73 (no equitable tolling due to incarceration prior to the AEDPA, *pro se* status, or an inadequate prison library). In short, Reza is not entitled to equitable tolling.

Reza did not file the instant petition in a timely manner. Even if the pendency of the first petition were to toll the statute, this petition would still have been filed too late, by over six months.[6] As further demonstration of Reza's lassitude in promptly filing his appeals, this petition was filed 240 days after his last state writ was denied (August 27, 2003, to April 23, 2004).

Reza's status as a *pro se* petitioner does not excuse his failure to file *this* application for federal writ of habeas corpus earlier. *Moore v. Roberts*, 83 F.3d 699, 704 (5th Cir. 1996) (a petitioner's lack of interest in challenging prior convictions was not cause to excuse procedural default). Moreover, the claim does not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(B), (C). Reza's petition is time-barred and must be dismissed with prejudice.

## CONCLUSION

Based on the foregoing, the Director urges the Court to deny Reza's petition and dismiss it with prejudice.

---

[6] The petition was filed 428 days after the expiration of the statute, February 20, 2003, to April 23, 2004. The last state writ was pending for 91 days, which would, if allowed, lessen the untimeliness of the petition to 337 days. Including the pendency of the first federal petition, 148 days, in a tolling of the statute, still leaves a surfeit of 189 untimely days.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. McBEE
First Assistant Attorney General

DON CLEMMER
Deputy Attorney General
for Criminal Justice

GENA BUNN
Assistant Attorney General
Chief, Postconviction Litigation Division

_____
LAURA GRANT BERINS*
Assistant Attorney General
State Bar No. 00783644
Southern District Admission No. 35857

P.O. Box 12548, Capitol Station
Austin, Texas  78711-2548
(512) 936-1400
(512) 936-1280 (Fax)
E-mail:  laura.berins@oag.state.tx.us

*Lead Counsel                          ATTORNEYS FOR RESPONDENT

## NOTICE OF SUBMISSION

To:  Gilberto Reza, Petitioner, you are hereby notified that the undersigned attorney will bring the foregoing Motion before the Court as soon as the business of the Court will permit.

_____
LAURA GRANT BERINS
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the above and forgoing Respondent Dretke's Motion for Summary Judgment has been served by placing same in the United States mail, postage prepaid, on this the 1st day of November, 2004, addressed to:

Gilberto Reza
TDCJ-CID No. 834841
Powledge Unit
Route 2, box 2250
Palestine, Texas  75882

                                                           _____
                                                           LAURA GRANT BERINS
                                                           Assistant Attorney General