United States District Court
Southern District of Texas
FILED

APR 1 3 2005

Michael N. Milby, Clerk of Court

United States District Court
Southern District of Texas
ENTERED

APR 1 4 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GILBERTO REZA, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. B-04-081 |
| § | | |
| BOARD OF PARDONS AND PAROLES, § | | |
| Respondent. § | | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Petitioner Gilberto Reza's 28 U.S.C. § 2254 petition for habeas corpus relief (Docket No. 1). The government has filed a Motion for Summary Judgment which will also herein be considered (Docket No. 7). For the reasons set forth below, Reza's request for 28 U.S.C. § 2254 habeas corpus relief is time-barred and should be DENIED.

## BACKGROUND

The Director has lawful custody of Reza pursuant to two convictions for driving while intoxicated entered by the 103rd District Court of Cameron County, Texas on June 12, 1998. Reza was sentenced to two ten year terms of imprisonment pursuant to those convictions. He filed his first federal habeas corpus petition on September 10, 2002 (B-02-129, Docket No. 1). This petition was dismissed without prejudice on February 3, 2003 for failure to exhaust state court remedies (B-02-129, Docket No.11). On April 1, 2002 Reza filed a state court habeas corpus petition challenging the denial of his mandatory supervision release. Reza's state writ application was dismissed for non-compliance on April 16, 2003. Shortly there after, on May 28, 2003, Reza refiled his state petition, however, it was denied without written order on August 27, 2003. The petition presently before the Court was mailed by Reza on April 23, 2004 and filed by

the clerk on April 26, 2004 (Docket No. 1).

## ALLEGATIONS

Though Reza's allegations are somewhat ambiguous, the court has identified the following two potential claims in his petition. First, he seems to allege that the Texas Board of Pardons and Paroles (Parole Board) improperly denied his release under the old Texas mandatory supervised release law.[1] Second, and in the alternative, he may have intended to argue that the Parole Board should have decided his case under the old mandatory supervised release law but instead denied his release based on the new discretionary supervised release law.[2] In either case he alleges that the Board's failure to release him violated his constitutional rights to due process and equal protection.

## DISCUSSION

*i.   Limitations issues*

Before this Court can address the merits of Petitioner's arguments, it is necessary to first turn to the question of whether it may even properly consider his claims. In particular, the issue of Petitioner's timeliness in filing his § 2254 application is of great import to the resolution of this case.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"], which altered the standard of review in federal habeas corpus proceedings filed by state prisoners pursuant to 28 U.S.C. § 2254. Petitioner filed his petition

---

[1] The Act of May 21, 1985, 69th Leg., R.S. ch. 427 § 2, 1985 Tex. Gen. Laws 1549- 55, repealed by Act of May 8, 1997, 75th Leg., R.S. ch. 165, § 12.22, 1997 Tex. Gen. Laws 443.

[2] TEX. GOV'T CODE § 508.149(b)(2005).

after the effective date of the AEDPA, thus the petition is controlled by the provisions of that statute. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000).

The AEDPA provides a one-year limitation period for filing federal habeas corpus petitions. The provisions of 28 U.S.C. § 2254(d) set forth four different scenarios for determining when the one-year limitations period begins to run:

> (d)(1) A one-year period of limitation should apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(2005). As discussed below, the Court has determined that Petitioner's habeas corpus petition is time-barred.

The record does not reflect that any unconstitutional "state action" impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. *See* 28 U.S.C. § 2244(d)(1)(B). Also, Petitioner's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C). The applicable statutory subsection in this instance, then,

is 28 U.S.C. § 2244(d)(1)(D) which provides that the one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due dilligence". Under § 2244(d)(1)(D), the factual predicate for Petitioner's claims became discoverable on February 20, 2002, which is the date the Parole Board voted to deny him mandatory supervision (Docket No. 7, Exhibit A).[3] Thus, the Court begins its analysis with a statute of limitations expiration date of February 20, 2003.

Though it would initially appear that the instant petition, filed on April 24, 2004, is clearly time-barred, in certain instances the one-year period for filing may be extended. The AEDPA allows for the tolling of the limitations period during the pendency of properly filed applications for collateral review. According to the pertinent statutory language, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2); *see also Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998) (tolling provision § 2244(d)(2) applies to the one-year reasonableness period). In the case at hand, the deadline must be tolled if Petitioner properly filed an application for collateral review during the one-year period from February 20, 2002 to February 20, 2003. The government opposes any tolling of the one year limitations period. As will be explained below, however, even if the Court assumes *arguendo* that Petitioner is entitled to tolling for each of his habeas corpus applications his petition is still time barred.

---

[3] Petitioner claims that March 3, 2002 is the date that the factual predicate giving rise to his claims became discoverable because he did not receive the Parole Board's decision until that date. As will be explained below, even if Petitioner's preferred date is used his habeas corpus petition is still untimely.

4

Petitioner's first federal petition was filed on September 10, 2002 and denied on February 5, 2003 (B-02-129, Docket Nos. 1 and 11). It was thus pending for 148 days. If the Court tolls the limitations period for the pendency of that application the new filing deadline for the current habeas corpus petition would have been July 18, 2003. Petitioner filed his first state writ application on April 1, 2003. The writ was later dismissed on April 16, 2003. The state writ was thus pending for 15 days. If 15 days are added to the updated filing deadline of July 18, 2003, the new deadline for filing the federal petition would have been August 4, 2003. Petitioner, however, refiled his state petition on May 28, 2003. It was again dismissed on August 27, 2003. Therefore, if the Court adds another 91 days, Petitioner's final filing deadline becomes November 3, 2003. The petition currently before the court was post marked on April 23, 2004. Accordingly, even if Petitioner's filing deadline is tolled for each of his previous petitions he still exceeded the Fifth Circuit's "reasonable period" by more than five months, and his claims are thus time-barred.

*ii.   Petitioner's claims*

Though it is not necessary for the Court to reach the merits of Petitioner's claims, it does so now for the sake of thoroughness. Petitioner asserts that his due process and equal protection rights were violated by the Parole Board because an "old mandatory supervision law" was applied to his current sentence (Docket No. 1 at 7). He bases this claim on information he allegedly received from a State Classification Committee administrative assistant, though he offers no proof that such a communication ever occurred. Petitioner seems to argue that the Parole Board did not have the decision making authority under the old Texas mandatory

5

supervised release (MSR) law[4] to deny his supervised release. As the Fifth Circuit notes:

> [t]he law formerly applicable to Texas prisoners **required** that the Board grant MSR when the calendar time served plus good conduct time equaled a prisoner's maximum sentence, unless the prisoner's conviction included an affirmative finding of use of a deadly weapon, or was imposed for certain listed offenses, or resulted in an enhanced punishment based on the drug-free zone statutes.

*McCall v. Dretke,* 390 F.3d 358, 363 (5th Cir. 2004)(emphasis added)(internal citations omitted).

In fact, the minutes from the Parole Board's decision concerning Petitioner's release contradict his allegations. In the minutes, under the subheading "Board Action", are the letters "DMS" which stand for discretionary mandatory supervision (Docket No. 11, Exhibit A). The new discretionary mandatory supervised release (DMS) law applies to persons convicted after September 1, 1996 and effectively allows the Parole Board discretion in deciding whether supervised release is appropriate. TEX. GOV'T CODE § 508.149(b)(2005). The evidence contained in the Parole Board minutes show that the Board used the DMS law in their decision regarding Petitioner's release. As such, Petitioner's allegation that the Board improperly exercised discretion under the old MSR law lacks merit.

In an abundance of caution, the Court will also analyze Petitioner's claim from an alternate perspective. Due to the ambiguous nature of Reza's habeas corpus petition it is entirely possible that he intended to assert that the Parole Board should have used the old MSR law in his case. A similar argument was put forth by the petitioner in *McCall.* 390 F.3d at 360. In that case the petitioner had been sentenced to ten years for felony driving while intoxicated (DWI).

---

[4] The old law was the Act of May 21, 1985, 69th Leg., R.S. ch. 427 § 2, 1985 Tex. Gen. Laws 1549-55, repealed by Act of May 8, 1997, 75th Leg., R.S. ch. 165, § 12.22, 1997 Tex. Gen. Laws 443.

*Id.* He claimed that because one of the DWI offenses that served as an element of the felony offense occurred before the passage of the new DMS law, the old law should apply in his case. *Id.* The Fifth Circuit rejected this argument and found that the conviction date was controlling in a determination of which law to apply. *Id.* at 364. In the instant case Petitioner was convicted on June 12, 1998, well after the new statute took effect on September 1, 1996. *Id.* at 364-365. Therefore, Petitioner's claims also fail under this alternative interpretation.

## RECOMMENDATION

For the aforementioned reasons, Petitioner's application for 28 U.S.C. § 2254 relief should be DENIED. It is further recommended that Petitioner's § 2254 application be DISMISSED with prejudice. *See Roberts v. Cockrell,* 319 F.3d 690 (5th Cir. 2003) (upholding the dismissal with prejudice of a time-barred § 2254 motion). A thorough review of all files, records, transcripts and correspondence relating to the judgment being challenged conclusively shows that the movant is not entitled to the relief sought; therefore an order for summary dismissal would be appropriate in this case.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas this 13th day of April, 2005.

                                          Felix Recio
                                    United States Magistrate Judge

8

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To: Mr. Gilberto Reza
Reg. No. 89484
KNOWLEDGE UNIT
Street, Apt No.: Rt 2, Box 2250
City, State, ZIP+4: Palestine, TX 75882
CA B04-81 (4/13/05 R&R)

PS Form 3800, June 2002   See Reverse for Instructions

7006 0100 0006 5214 2106